**HLD-012**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2269
_____

IN RE:  MICHAEL T. WASHINGTON,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-17-cv-00601)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 3, 2023

Before:  CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 11, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Michael T. Washington has filed a petition for a writ of mandamus seeking an

order directing the District Court to rule on his motion under Fed. R. Civ. P. 59 and

related filings.  We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Washington filed a federal habeas petition in 2017 challenging his convictions in New Castle County, Delaware, of manslaughter and other crimes. After the State filed its response, the matter was reassigned to a different District Judge and was stayed for about three years while Washington pursued relief in state court. The District Court ultimately denied his petition on September 30, 2022.

Washington has since filed several documents with the District Court, including (1) a Rule 59 motion docketed October 10, 2022, and (2) a motion for a "prompt hearing" docketed July 6, 2023, in which he asked the court to resolve outstanding issues. About a week after Washington filed his motion for a prompt hearing, he filed with this Court the mandamus petition at issue here. Washington seeks an order directing the District Court to rule on his Rule 59 motion and related filings.

We will deny the petition. Mandamus may be warranted when a delay in ruling amounts to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In some cases, a ten-month delay in ruling on a Rule 59 motion might be of concern. Cf. id. (addressing an eight-month delay in ruling on a habeas petition). But we cannot say that the extraordinary remedy of mandamus is warranted under the circumstances presented here.

After Washington filed his Rule 59 motion, he continued to file numerous documents with the District Court raising additional issues and what he characterizes as new claims. And Washington filed his motion for a prompt hearing with the District

2

Court only recently. Thus, we are confident that the court will rule on Washington's

Rule 59 and related filings motion in due course, and we will deny Washington's request

for an order directing the District Court to rule. To the extent that his mandamus petition

can be read to request other forms of relief, we will deny them as well.[1]

---

[1] Washington's petition can be read to request that we direct the District Court, not only to rule, but to rule in a particular way by granting relief that he is still seeking in that court. We deny that request because mandamus ordinarily does not lie "to compel a district court to decide an undecided motion in a particular way," In re Flynn, 973 F.3d 74, 79 (D.C. Cir. 2020) (en banc) (per curiam) (emphasis omitted), and Washington has an alternative remedy—i.e., an appeal of any ruling adverse to him. See Madden, 102 F.3d at 77, 79. We express no opinion on the merits of any issue still pending before the District Court.